JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Rosetta C. Lue

**DEFENDANTS**
Commonwealth of Pennsylvania Department of Environmental Protection

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dauphin County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
42 U.S.C. § 12101, et seq.; 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981; 29 U.S.C. § 2601, et seq.; 43 P.S. § 951, et seq.; Phila. Code § 9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated & retaliated against because if her disability and race.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/17/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rosetta C. Lue | : | CIVIL ACTION |
| v. | : | |
| Commonwealth of Pennsylvania Department of Environmental Protection, *et al.* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/17/2026 | [signature] | Plaintiff, Rosetta C. Lue |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROSETTA C. LUE**<br>Philadelphia, PA 19104<br><br>***Plaintiff,***<br><br>v.<br><br>**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION**<br>400 Market Street<br>Harrisburg, PA 17101<br><br>***Defendant.*** | CIVIL ACTION NO.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

## I. INTRODUCTION

Plaintiff, Rosetta C. Lue ("Plaintiff"), brings this action against her former employer, the Commonwealth of Pennsylvania Department of Environmental Protection ("Defendant"), for discriminating against her based upon her disability (including her history thereof and Defendant's perception of her as a disabled person) and her race (Black), and for retaliating against her because of her seeking reasonable accommodations for her disability and opposing Defendant's racially discriminatory practices.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to provide her with a reasonable accommodation for her disability, and terminating her employment, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), the Pennsylvania

Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO").

Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Rosetta C. Lue, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Philadelphia, PA 19104.

2. Plaintiff is Black.

3. At all relevant times, Plaintiff was "disabled" in that she suffered from an impairment which substantially limited one or more major life activities, had a record of such impairment, and/or was regarded as having such impairment.

4. Defendant, Commonwealth of Pennsylvania Department of Environmental Protection, is an agency of the Commonwealth of Pennsylvania and maintains a principal place of business at 400 Market Street, Harrisburg, PA 17101.

5. At the time of her termination, Plaintiff worked out of her home office in Philadelphia, Pennsylvania approximately 2-3 times per week.

6. At all relevant times, Defendant employed fifty (50) or more employees.

7. When Plaintiff took leave under the FMLA, Plaintiff was an eligible employee within the meaning of the FMLA, and her request for intermittent FMLA leave was approved by Defendant.

8. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under the ADA, Title VII, Section 1981, the FMLA, the PHRA, and the PFPO.

12. This Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1331.

13. This Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

14. This Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. §1331.

15. This Court has jurisdiction over Count IV (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

16. This Court has supplemental jurisdiction over Count V (PHRA) and Count VI (PFPO) pursuant to 28 U.S.C. §1367.

17. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

18. On or about April 24, 2025, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a

true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

19. On or about October 6, 2026, the United States Department of Justice issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice.

20. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff was hired by Defendant on or about July 3, 2023.

22. Plaintiff last held the position of Customer Service Office Director.

23. Plaintiff consistently performed her job duties in a competent manner.

24. Plaintiff last reported to Jessica Shirley (white), Acting Secretary.

25. Shirley reported to Josh Shapiro (white), Governor.

26. In October 2023, Plaintiff began reporting to Shirley.

27. Shirley had no role in Plaintiff being hired.

28. In October 2023, Plaintiff told Shirley that two (2) of her heart valves had been destroyed and that she had undergone open heart surgery.

29. Beginning in or about May 2024, Plaintiff was subjected to hostile and dismissive treatment. By way of example, and without limitation:

a. Plaintiff's positive performance was ignored and overlooked.

b. Plaintiff was excluded from meetings related to her job duties.

c. Plaintiff was excluded from communications related to her job duties.

d. Plaintiff was excluded from decisions related to her job duties.

e. Plaintiff was excluded from a significant project related to her job duties.

f. Certain job duties were removed from Plaintiff and assigned to white employees.

31. In or about June 2024, Plaintiff was diagnosed with arthritis.

32. On August 19, 2024, in a meeting with Shirley, Shirley told Plaintiff that Karyn York (white), Administrative Assistant, was reporting Plaintiff to Human Resources, and was giving Malik Boyd (black), Communications Director, and Plaintiff a hard time because they were black.

33. Plaintiff stated that she did not understand why York was targeting her.

34. Shirley stated that things would get better after York retired.

41. Boyd and Plaintiff discussed racially discriminatory conduct that took place at Defendant.

42. On September 23, 2024, a request that Plaintiff had submitted for intermittent FMLA leave was approved.

43. The impairments underlying Plaintiff's request for medical leave were her arthritis and need to manage a heart aneurysm and her two prosthetic heart valves.

44. On September 30, 2024, Plaintiff was out of work on an FMLA medical leave of absence in connection with her disability, and she notified Shirley of the same.

45. On September 30, 2024, in a text message to Shirley, Plaintiff stated that she had been released from the emergency room and that she had an autoimmune disease that was "causing havoc on my system."

46. In October 2024, Plaintiff told Shirley that she had been diagnosed with arthritis.

47. On October 15, 2024, Plaintiff was moved to a less desirable office, effective October 31, 2024. When Plaintiff asked if any other executive employee was being moved to a

different office, she was told no.

48. On October 17 and 18, 2024, Plaintiff was out of work on an FMLA medical leave of absence in connection with her disabilities, and she notified Shirley of the same.

49. On October 25, 2024, in a phone call with Shirley, Shirley stated that Plaintiff was being targeted because of her race.

50. Shirley stated that York (white) and Neil Bashki (white), Senior Impact and Evaluation Officer, were treating Plaintiff worse because she was black.

51. Plaintiff objected and asked if they were being reprimanded for targeting her because of her race. Plaintiff received no answer to her question. Shirley told Plaintiff that York had also targeted Jayneshia Davis (black), Special Assistant/Diversity, Equity, and Inclusion Director, and that Davis had "pushed back" at York.

52. Davis and Plaintiff discussed racially discriminatory conduct that took place at Defendant.

51. Plaintiff complained of and objected to the race and disability discrimination in conversations with multiple employees in connection with how she was treated.

52. On November 4, 2024, Plaintiff was out of work on an FMLA medical leave of absence in connection with her disabilities, and she notified Shirley of the same.

53. On November 6, 2024, in an email to Shirley and Amiee Brough (white), Human Resources Manager, Plaintiff requested the reasonable accommodation of working remotely as needed in place of commuting to Defendant's Harrisburg office.

54. On November 6, 2024, in an email response from Brough, Brough instructed Plaintiff to submit her reasonable accommodation request differently.

55. On November 6, 2024, following the above, Plaintiff submitted her reasonable

accommodation request per Brough's above instructions.

56. Plaintiff received no response to her reasonable accommodation request.

57. Plaintiff was able to perform her job duties with the requested reasonable accommodation of working remote as needed.

58. On November 7 and 8, 2024, Plaintiff was out of work on an FMLA medical leave of absence in connection with her disabilities, and she notified Shirley of the same.

61. On November 18 and 19, 2024, Plaintiff was out of work on an FMLA medical leave of absence in connection with her disabilities and notified Shirley of the same.

62. On November 19, 2024, in an email to Brough, Plaintiff stated that she was out of work on an FMLA medical leave of absence that day and the day before, and that she may need to continue to be out on an FMLA medical leave of absence.

63. On November 19, 2024, while Plaintiff was out of work on an FMLA medical leave of absence, in an email from Brough, Defendant terminated Plaintiff's employment, effective immediately. The stated reason was that Plaintiff's services were no longer required.

64. On November 25, 2024, in an email to Brough, copying Shirley, Plaintiff stated: "The termination occurred while I was on Commonwealth of Pennsylvania certified FMLA leave. I received the termination letter via email late in the afternoon, following your receipt, along with Jessica Shirley, Acting DEP Secretary, of my written FMLA-related out-of-office notification earlier that morning." Plaintiff requested "clarification regarding the specific reason for my termination."

65. Plaintiff received no explanation, as to why her employment was terminated.

66. In addition to Plaintiff, the following employees reported to Shirley at the time of Plaintiff's termination:

a. Ian Harlow (white), Deputy Secretary for Administration;

b. Ramez Ziadeh (white), Executive Deputy Secretary;

c. Michael Braymer (white), Chief Counsel;

d. A. High Garst IV (white), Policy Director;

e. John Ryder (white), Deputy Secretary for Field Operations;

f. Nathan A. Houtz (white), Deputy Secretary for Active and Abandoned Mine Operations;

g. Kurt Klapkowski (white), Acting Deputy Secretary;

h. Ali Tarquino Morris (white), Acting Deputy Secretary;

i. Jill Whitcomb (white), Acting Deputy Secretary;

j. Taylor Nezat (white), Legislative Affairs;

k. Fernando Treviño (Hispanic), Special Deputy Secretary for Environmental Justice;

l. Malik Boyd (black), Communications Director; and

m. Jayneshia Davis (black), Special Assistant/Diversity, Equity, and Inclusion Director.

67. Plaintiff was one (1) of three (3) black employees out of fourteen (14) employees reporting to Shirley.

68. Plaintiff was the only employee reporting to Shirley who was terminated on November 19, 2024.

69. Defendant failed to reasonably accommodate Plaintiff for her disability.

70. The conduct of Defendant, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that the

working environment was hostile or abusive, and in fact made Plaintiff believe that her working environment was hostile and abusive because of her race and her disabilities.

71. Plaintiff's disabilities, her request for and exercise of medical leave, her race, and her opposition to Defendant's racially discriminatory practices were each substantial, determinative, and/or motivating factors in Defendant's discriminatory and retaliatory treatment of Plaintiff, including terminating her employment.

**COUNT I - ADA**

81. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

82. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

83. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

84. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless this Court grants the relief requested herein.

85. No previous application has been made for the relief requested herein.

**COUNT II - TITLE VII**

86. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

87. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

88. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

89. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

90. No previous application has been made for the relief requested herein.

**COUNT III - SECTION 1981**

91. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

92. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Section 1981.

93. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

94. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

95. No previous application has been made for the relief requested herein.

**COUNT IV - FMLA**

96. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

97. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the FMLA.

98. As a result of Defendant terminating Plaintiff shortly after, and because, she exercised her FMLA rights, Defendant violated the FMLA.

99. Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's conduct towards Plaintiff, including its decision to subject Plaintiff to a hostile work environment and terminate Plaintiff's employment.

100. Defendant retaliated against Plaintiff for exercising her FMLA rights.

101. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

102. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

103. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

104. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

105. No previous application has been made for the relief requested herein.

## COUNT V - PHRA

106. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

107. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

108. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

109. Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

110. No previous application has been made for the relief requested herein.

**COUNT VI - PFPO**

111. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

112. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

113. As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

114. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

115. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of Title VII;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of the FMLA;

(e) declaring the acts and practices complained of herein to be in violation of the PHRA;

(f) declaring the acts and practices complained of herein to be in violation of the PFPO;

(g) enjoining and permanently restraining the violations alleged herein;

(h) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(i) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(j) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(k) awarding liquidated damages to Plaintiff under the FMLA

(l) awarding punitive damages

(m) awarding Plaintiff such other damages as are appropriate under the ADA, Title VII, Section 1981, the FMLA, the PHRA, and the PFPO;

(n) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(o) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By: *<u>/s/ Daniel S. Orlow</u>*
DANIEL S. ORLOW, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
orlow@consolelaw.com

*Attorneys for Plaintiff*

Dated: November 17, 2026

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

# COMPLAINT

| | |
|---|---|
| COMPLAINANT:<br><br>**ROSETTA C. LUE**<br><br>v.<br><br>RESPONDENTS:<br><br>**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION**<br><br>and<br><br>**COMMONWEALTH OF PENNSYLVANIA**<br><br>and<br><br>**DEPARTMENT OF ENVIRONMENTAL PROTECTION, OFFICE OF THE SECRETARY** | Docket No. |

1. The Complainant herein is:

Name: Rosetta C. Lue

Address: [redacted]
Philadelphia, PA 19104

1. The Respondents herein are:

Names: Commonwealth of Pennsylvania Department of Environmental Protection; Commonwealth of Pennsylvania; Department of Environmental Protection, Office of the Secretary

Address: 400 Market Street
Harrisburg, PA 17101

2. I, Rosetta C. Lue, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and race (black) and retaliation because of my engaging in protected activity and seeking reasonable accommodations for my disability, as set forth below.

**Discrimination and Retaliation**

**A. I specifically allege:**

[1] I was hired by Respondents on or about July 3, 2023.

[2] I last held the position of Customer Service Office Director.

[3] I consistently performed my job duties in a competent manner.

[4] I worked out of my home office in Philadelphia.

[5] I last reported to Jessica Shirley (white), Acting Secretary. Shirley reported to Josh Shapiro (white), Governor.

[6] Respondents have an underrepresentation of nonwhite employees, especially in high level positions.

[7] In October 2023, I began reporting to Shirley.

[8] Shirley had no role in my being hired.

[9] In October 2023, following the above, I told Shirley that two (2) of my heart valves had been destroyed and that I had undergone open heart surgery.

[10] I was treated differently and worse, and in a more hostile and dismissive manner, than white and/or nondisabled employees and/or employees who did not seek reasonable accommodations for a disability were treated.

[11] My performance was ignored.

[12] I was ignored.

[13] I was excluded from meetings related to my job duties.

[14] I was excluded from communications related to my job duties.

[15] I was excluded from decisions related to my job duties.

[16] I was excluded from a significant project related to my job duties.

[17] Certain job duties were removed from me and assigned to white employees.

[18] In June 2024, I was diagnosed with hip arthritis.

[19] On August 19, 2024, in a meeting with Shirley, she told me that Karyn York (white), Administrative Assistant, was reporting me to Human Resources, and was giving Malik Boyd (black), Communications Director, and me a hard time because we were black. I stated that I did not understand why York was targeting me. Shirley stated that things would get better after York retired.

[20] Respondents failed to remedy or prevent the race discrimination against me.

[21] Boyd and I discussed the race discrimination at Respondents.

[22] On September 23, 2024, my request for intermittent FMLA leave in connection with my disability was approved.

[23] On September 30, 2024, I was out of work on an FMLA medical leave of absence in connection with my disability, and I notified Shirley of the same.

[24] On September 30, 2024, in a text message to Shirley, I stated that I had been released from the emergency room and that I had an autoimmune disease that was "causing havoc on my system."

[25] In October 2024, I told Shirley that I had been diagnosed with hip arthritis.

[26] On October 15, 2024, I was moved to a less desirable office, effective October 31, 2024. When I asked if any other executive employee was being moved to a different office, I was told no.

[27] On October 17 and 18, 2024, I was out of work on an FMLA medical leave of absence in connection with my disability, and I notified Shirley of the same.

[28] On October 25, 2024, in a phone call with Shirley, she stated that I was being targeted because of my race. She stated that York (white) and Neil Bashki (white), Senior Impact and Evaluation Officer, were treating me worse because I was black. I objected and asked if they were being reprimanded for targeting me because of my race. I received no answer to my question. Shirley told me that York had also targeted Jayneshia Davis (black), Special Assistant/Diversity, Equity, and Inclusion Director, and that Davis had "pushed back" at York.

[29] Respondents failed to remedy or prevent the race discrimination against me.

[30] Davis and I discussed the race discrimination at Respondents.

[31] I complained of and objected to the race and disability discrimination in conversations with multiple employees in connection with how I was treated.

[32] On November 4, 2024, I was out of work on an FMLA medical leave of absence in connection with my disability, and I notified Shirley of the same.

[33] On November 6, 2024, in an email to Shirley and Amiee Brough (white), Human Resources Manager, I requested the reasonable accommodation of working remotely and not traveling to Respondent' Harrisburg office on a daily basis, due to my disability.

[34] On November 6, 2024, in an email response from Brough, she instructed me to submit my reasonable accommodation request differently.

[35] On November 6, 2024, following the above, I submitted my reasonable accommodation request per Brough's above instructions.

[36] I received no response to my above reasonable accommodation request.

[37] I was able to perform my job duties with the requested reasonable accommodation for my disability.

[38] Respondents failed to reasonably accommodate me for my disability.

[39] Respondents allowed nondisabled, white employees to work from home.

[40] On November 7 and 8, 2024, I was out of work on an FMLA medical leave of absence in connection with my disability, and I notified Shirley of the same.

[41] On November 18 and 19, 2024, I was out of work on an FMLA medical leave of absence in connection with my disability and notified Shirley of the same.

[42] On November 19, 2024, in an email to Brough, I stated that I was out of work on an FMLA medical leave of absence that day and the day before, and that I may need to continue to be out on an FMLA medical leave of absence.

[43] On November 19, 2024, while I was out of work on an FMLA medical leave of absence, in an email from Brough, Respondents terminated my employment, effective immediately. The stated reason was that my services were no longer required.

[44] On November 25, 2024, in an email to Brough, copying Shirley, I stated: "The termination occurred while I was on Commonwealth of Pennsylvania certified FMLA leave. I received the termination letter via email late in the afternoon, following your receipt, along with Jessica Shirley, Acting DEP Secretary, of my written FMLA-related out-of-office notification earlier that morning." I requested "clarification regarding the specific reason for my termination."

[45] I received no explanation, including the selection criteria, as to why my employment was terminated and noncomplaining and/or nonblack and/or nondisabled employees and/or employees who had not sought reasonable accommodations for a disability were retained.

[46] In addition to me, the following employees reported to Shirley at the time of my termination.

a) Ian Harlow (white), Deputy Secretary for Administration;
b) Ramez Ziadeh (white), Executive Deputy Secretary;
c) Michael Braymer (white), Chief Counsel;
d) A. High Garst IV (white), Policy Director;
e) John Ryder (white), Deputy Secretary for Field Operations
f) Nathan A. Houtz (white), Deputy Secretary for Active and Abandoned Mine Operations;
g) Kurt Klapkowski (white), Acting Deputy Secretary
h) Ali Tarquino Morris (white), Acting Deputy Secretary
i) Jill Whitcomb (white), Acting Deputy Secretary
j) Taylor Nezat (white), Legislative Affairs
k) Fernando Treviño (Hispanic), Special Deputy Secretary for Environmental Justice;
l) Malik Boyd (black), Communications Director;
m) Jayneshia Davis (black), Special Assistant/Diversity, Equity, and Inclusion Director.

[47] I was one (1) of three (3) black employees out of fourteen (14) employees reporting to Shirley.

[48] I was the only disabled[1] employee reporting to Shirley.

[49] I was the only employee reporting to Shirley who sought reasonable accommodation for a disability.

[50] Before I began reporting to Shirley and disclosed my disability to Respondents, I had no indication that my job was in jeopardy.

[51] I was the only employee reporting to Shirley who was terminated on November 19, 2024.

[52] On November 25, 2024, in a text message from Bevin Buchheister (white), former Deputy Secretary, she told me that Shirley stated that Bashki (white) was racist and did not like me, and that Shirley did nothing about the same.

[53] Respondents terminated my employment because of my disability and/or my race and/or my engaging in protected activity and/or my seeking reasonable accommodations for my disability.

[54] Respondents subjected me to a hostile work environment because of my disability and/or my race and/or my engaging in protected activity and/or my seeking reasonable accommodations for my disability.

[55] I had no opportunity to remain employed with Respondents.

[56] Respondents assigned my job duties and responsibilities to noncomplaining and/or nonblack and/or nondisabled employees and/or employees who had not sought reasonable accommodations for a disability. I was more qualified to perform my job duties and responsibilities than the noncomplaining, nonblack, and/or nondisabled employees

[1] References herein to an employee being disabled or having sought reasonable accommodations for a disability are to the best of my knowledge.

and/or employees who had not sought reasonable accommodations for a disability to whom my job duties and responsibilities were assigned.

[57] Respondents failed to remedy or prevent the race and disability discrimination and retaliation to which I was subjected.

[58] Respondents failed to investigate my race and/or disability discrimination complaints.

[59] Respondents' disability and race discriminatory and retaliatory conduct toward me has caused me emotional distress.

[60] Respondents' comments and conduct evidence a bias against disabled and/or nonwhite and/or complaining employees and/or employees who seek reasonable accommodations for a disability.

**B.** Respondents have discriminated against me because of my disability (including history of and regarded as) and my race (black) and retaliated against me because of my seeking reasonable accommodations for my disability and my engaging in protected activity, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.* ("1981").

3. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**_X_** **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d)__**

____ Section 5.1 Subsection(s) ______________________________

____ Section 5.2 Subsection(s) ______________________________

____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) ______________________________

4. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

_X_ **This charge will be referred to the EEOC for the purpose of dual filing.**

5. The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

# VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

4-22-2025 — Rosetta Lue

(Date Signed) (Signature)

Rosetta C. Lue
[redacted]
Philadelphia, PA 19104

# Exhibit 2

**From:** Daniel Orlow
**To:** Toni Murphy
**Subject:** FW: Response: Your Civil Rights Division Report - 846984-TQH from the Disability Rights Section
**Date:** Tuesday, October 6, 2026 3:55:49 PM
**Attachments:** image001.png
image002.png
image003.png
image861531.png
image823220.png
image068693.png

---

**Daniel Orlow**
**Partner, CONSOLE MATTIACCI LAW, LLC**

t: 215.545.7676 | orlow@consolelaw.com
Fax: 215.405.2900 | www.consolelaw.com
110 Marter Ave Suite 502, Moorestown, NJ 08057

CONSOLE MATTIACCI LAW

Confidentiality Notice: The information contained in this email message is confidential and, if addressed to our client or certain counsel, is subject to the attorney-client privilege or work product privilege and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by email and delete the original message and all copies thereof. Thank you.
Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

---

**From:** DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov>
**Sent:** Tuesday, October 6, 2026 3:50 PM
**To:** Daniel Orlow <orlow@consolelaw.com>
**Subject:** Response: Your Civil Rights Division Report - 846984-TQH from the Disability Rights Section

**U.S. Department of Justice**

**Civil Rights Division**

civilrights.justice.gov

846984-TQH

Oct 6, 2026

Rosetta C. Lue
rosettalue@gmail.com

EEOC Charge Against: Commonwealth of Pennsylvania Department of Environmental Protection
EEOC Charge No. 17F-2025-60399

Dear Rosetta C. Lue,

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Philadelphia District Office. Contact information for this office is located at: https://www.eeoc.gov/field-office/philadelphia/location.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Title I Complaint Intake Unit
US Department of Justice
Disability Rights Section
ADA.EEOCcharges@usdoj.gov

Enclosure:
Notice of Rights under the ADAAA

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action**

**was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

***Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*** For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm

CC: rosettalue@gmail.com, orlow@consolelaw.com, JCANTWELL@PA.GOV, Damon.Johnson@EEOC.gov

## Contact

civilrights.justice.gov

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

(202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
TTY/TDD: 711